**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MARCIA BURRELL and <br> SHERITA BURRELL, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREWS FUNERAL HOME, LLC, <br> HARRIETTE ANDREWS-DOUGLAS, <br> and ANDREWS FUNERAL HOME, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br><br><br><br><br> CIVIL ACTION NO. 1:17-CV-503 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

COME NOW Marcia Burrell and Sherita Burrell (hereinafter collectively referred to as "the Burrells") and complain as follows against Andrews Funeral Home, LLC, Harriette Andrews-Douglas, and Andrews Funeral Home (hereinafter collectively referred to as "Andrews"):

1. Plaintiff Marcia Burrell is an individual over the age of 19 and a citizen of Michigan.  The amount in controversy, exclusive of interest and costs, between Marcia Burrell and each of the Defendants is in excess of $75,000.00.

2. Plaintiff Sherita Burrell is an individual over the age of 19 and a citizen of Michigan.  The amount in controversy, exclusive of interest and costs, between Sherita Burrell and each of the Defendants is in excess of $75,000.00.

3. Defendant Andrews Funeral Home, LLC is a limited liability company formed under the laws of Alabama. All members of Andrews Funeral Home, LLC are citizens of Alabama and its principal place of business is located in Alabama.

4. Defendant Harriette Andrews-Douglas is an individual over the age of 19 and a citizen of Alabama.

5. Defendant Andrews Funeral Home is an unincorporated association with its principal place of business in Alabama. All members of Andrews Funeral Home are citizens of Alabama.

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there exists complete diversity among the parties and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because one or more the Defendants reside in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

8. The Burrells' father, Edward Lee Burrell, died in Alabama. Throughout his life, Edward Lee Burrell told his daughters that he wanted to be buried in Michigan.

9. Pursuant to Alabama law, the Burrells were vested with the right to control the disposition of the remains of their father.

10. The Burrells exercised their right of disposition pursuant to Alabama law.

11. The Burrells informed Andrews of their relationship to Edward Lee Burrell and informed Andrews that they wanted him buried in Michigan to honor his wishes.

12. Despite knowing that the Burrells wanted their father buried in Michigan, on or about November 14, 2015 Andrews buried Edward Lee Burrell in Jackson, Alabama.

13. Despite knowing that the Burrells were the biological children of Edward Lee Burrell, on or about November 14, 2015 Andrews conducted a funeral that discredited the Burrells' relationship with their father and disgraced, humiliated, and shunned the Burrells.

14. The actions of Andrews were negligent, wanton, reckless, deliberate, and intended to inflict severe mental anguish and severe emotional distress on the Burrells.

15. As a direct and proximate result of Andrews' actions, the Burrells have suffered and continue to suffer severe mental anguish and severe emotional distress.

16. As a direct and proximate result of Andrews' actions, the Burrells have to exhume, relocate, and re-bury their father.

17. As a direct and proximate result of Andrews' actions, the Burrells have to relive the death of their father.

## COUNT I - NEGLIGENCE

18. The Burrells adopt and incorporate each and every one of the above paragraphs as though fully set out herein.

19. Andrews was under a duty to conduct the funeral of Edward Lee Burrell pursuant to the Burrells' instructions.

20. Andrews was under a duty to not bury Edward Lee Burrell in Alabama.

21. Andrews was under a duty to treat the Burrells with dignity and respect.

22. Andrews breached their duty by refusing to honor the Burrells' vested right to control the disposition of the remains of their father.

23. Andrews breached their duty by burying the Burrells' father in Alabama

24. Andrews breached their duty by conducting a funeral that discredited the Burrells' relationship with their father and disgraced, humiliated, and shunned the Burrells.

25. Andrews negligently conducted the funeral of Edward Lee Burrell.

26. Andrews' negligently handled the remains of Edward Lee Burrell.

27. As a direct and proximate result, the Burrells have suffered and continue to suffer severe mental anguish and severe emotional distress.

28. As a direct and proximate result, the Burrells have to exhume, relocate, and re-bury their father.

29. As a direct and proximate result, the Burrells have to relive the death of their father.

Therefore, Marcia Burrell and Sherita Burrell demand judgment against Andrews Funeral Home, LLC, Harriette Andrews-Douglas, and Andrews Funeral Home for compensatory and punitive damages in the amount of $5,000,000.00, plus costs.

### COUNT II - WANTONNESS

30. The Burrells adopt and incorporate each and every one of the above paragraphs as though fully set out herein.

31. Andrews was under a duty to conduct the funeral of Edward Lee Burrell pursuant to the Burrells' instructions.

32. Andrews was under a duty to not bury Edward Lee Burrell in Alabama.

33. Andrews was under a duty to treat the Burrells with dignity and respect.

34. Andrews breached their duty by refusing to honor the Burrells' vested right to control the disposition of the remains of their father.

35. Andrews breached their duty by burying the Burrells' father in Alabama

36. Andrews breached their duty by conducting a funeral that discredited the Burrells' relationship with their father and disgraced, humiliated, and shunned the Burrells.

37. Andrews wantonly conducted the funeral of Edward Lee Burrell.

38. Andrews' wantonly handled the remains of Edward Lee Burrell.

39. As a direct and proximate result, the Burrells have suffered and continue to suffer severe mental anguish and severe emotional distress.

40. As a direct and proximate result, the Burrells have to exhume, relocate, and re-bury their father.

41. As a direct and proximate result, the Burrells have to relive the death of their father.

Therefore, Marcia Burrell and Sherita Burrell demand judgment against Andrews Funeral Home, LLC, Harriette Andrews-Douglas,

and Andrews Funeral Home for compensatory and punitive damages in the amount of $5,000,000.00, plus costs.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (TORT OF OUTRAGE)

42. The Burrells adopt and incorporate each and every one of the above paragraphs as though fully set out herein.

43. Andrews' refusal to handle Edward Lee Burrell's remains pursuant to the Burrells' instructions was extreme and outrageous.

44. Andrews' burial of Edward Lee Burrell in Alabama was extreme and outrageous.

45. The fact that the Burrells have to exhume, relocate, and re-bury their father is extreme and outrageous.

46. Andrews' refusal to honor the Burrells' vested right to control the disposition of the remains of their father was extreme and outrageous.

47. Andrews' conducting a funeral that discredited the Burrells' relationship with their father and disgraced, humiliated, and shunned the Burrells was extreme and outrageous.

48. The funeral conducted by Andrews was extreme and outrageous.

49. Andrews' handling of Edward Lee Burrell's remains was extreme and outrageous.

50. Andrews intended to inflict mental anguish and emotional distress, or knew or should have known that mental anguish and emotional distress were likely to result from their conduct.

51. As a direct and proximate result, the Burrells have suffered and continue to suffer severe mental anguish and severe emotional distress.

52. As a direct and proximate result, the Burrells have to exhume, relocate, and re-bury their father resulting in severe mental anguish and severe emotional distress.

53. As a direct and proximate result, the Burrells have to relive the death of their father resulting in severe mental anguish and severe emotional distress.

Therefore, Marcia Burrell and Sherita Burrell demand judgment against Andrews Funeral Home, LLC, Harriette Andrews-Douglas, and Andrews Funeral Home for compensatory and punitive damages in the amount of $5,000,000.00, plus costs.

Marcia Burrell and Sherita Burrell each demands a trial by jury as to each and every count.

Respectfully submitted this the 13th day of November, 2017.

        **s/Austin S. Prestwood**
        AUSTIN S. PRESTWOOD
        ASB-1713-U82P
        Attorney for Plaintiffs
        The Prestwood Firm, LLC
        Post Office Box 1556
        Fairhope, Alabama 36533
        Phone:  (251) 929-4092
        Fax:  (251) 929-4132
        Email:  smith@prestwoodfirm.com